UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAMARA JEANNE "TJ" FISHER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-1257** |
| **MICHAEL CURTIS MCCRARY AND KENNETH FRANK** | **SECTION: "S" (5)** |

## ORDER AND REASONS

The Motion for New Trial (Doc. #18) filed by plaintiff Tamara Jeanne Fisher is **DENIED**.

### BACKGROUND

The pertinent facts are recited the court's earlier Order and Reasons (Doc. #15), and are not repeated here.

Plaintiff asks this court to reconsider whether she has a claim against the defendants for the tortious interference with business relations. Further, plaintiff disagrees with the court's determination that defendant McCrary and plaintiff are not competitors for purposes of the Louisiana Unfair Trade Practices Act.

Defendants argue that plaintiff has not demonstrated an error in law or fact or brought forward any new evidence to warrant a new trial.

**ANALYSIS**

**A. Legal Standard**

"A Rule 59(e) motion is a motion that calls into question the correctness of a judgment."[1] The court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration arising under Rule 59(e).[2] "Rule 59(e) is properly invoked to correct a manifest error of law or fact or to present newly discovered evidence."[3] "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction."[4]

**B. Motion for New Trial**

*1) Tortious Interference with Business Relations*

A plaintiff bringing a claim for tortious interference with business relations must show "by a preponderance of the evidence that the defendant improperly influenced others not to deal with the plaintiff."[5] Louisiana law protects a business from malicious and wanton interference, and permits only interference designed to protect a legitimate interest of the actor.[6]

---

[1] *In Re TransTexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir. 2002).

[2] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990).

[3] *In re TransTexas Gas Corp.*, 303 F.3d at 581 (internal quotation and citation omitted).

[4] *In Re Self*, 172 F. Supp.2d 813, 816 (W.D. La. 2001).

[5] *Junior Money Bags, Ltd. v. Segal*, 970 F.2d 1, 10 (5th Cir. 1992)(Louisiana courts have recognized a cause of action for tortious interference with business relations under Louisiana Civil Code article 2315).

[6] *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 602 (5th Cir. 1981).

Paragraph II of plaintiff's petition states that the defendants:

> ... conspired to make scurrilous, deceptive, untrue and malicious statements about and against the petitioner which they knew would expose petitioner to public and professional ridicule, scorn and impair her ability to conduct business as an established professional businesswoman and member of this community, and have impeded and damaged her reputation and ability to develop the "Entergy Project" and business ventures and creative endeavors solely for the purpose of engaging in unfair and deceptive trade practices ...

The malicious statements about which plaintiff complains are allegations made by defendants McCrary and Frank before their lawsuit and in their pleadings in the Maryland court.[7]

As the court determined in its earlier order and reasons, under Louisiana law, the threat of a lawsuit and allegations contained in pleadings in ongoing litigation are insufficient to constitute a tort.[8] Further, the tort of interference with business relations does not apply to interference designed to protect a legitimate interest of the actor.[9] Hence, plaintiff's allegations do not support a claim for tortious interference with business relations.

Plaintiff has not demonstrated a manifest error of law or of fact, or presented newly discovered evidence to support a Rule 59(e) motion on the issue to tortious interference with business relations.

2) *Louisiana Unfair Trade Practices Act*

As the court noted in the earlier Order and Reasons, Paragraph XVI of plaintiff's petition

---

[7] *See* Petition, ¶¶ XIIII and IV.

[8] *See* Order and Reasons (Doc. # 15) at 3 - 6.

[9] *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 602 (5th Cir. 1981).

3

merely states that "[t]he actions of McCrary and Frank violate the provisions of the Louisiana Unfair Trade Practices Act and entitle petitioner to damages and attorney's fee under said act." The court concluded that taking all allegations in the complaint as true, and construing the complaint liberally in favor the plaintiff, plaintiff has failed to allege facts that could show that she is either a consumer or business competitor of the defendants.

In plaintiff's motion for new trial, plaintiff asserts that plaintiff and McCrary are both involved in real estate business and that therefore they are competitors. However, plaintiff alleges in her petition that "McCrary was a former owner/member of Crescent City Estates, LLC, which at one time owned the building commonly known as the Plaza Tower in New Orleans" and that after Katrina, McCrary sought to abandon New Orleans by "divesting himself of all business interest in the City of New Orleans and financially fleeing to his home in Baltimore, Md."[10] According to plaintiff, defendant's conduct about which plaintiff complains occurred when McCrary was no longer an owner or member of Crescent City Estates, LLC, and therefore was not a competitor.

Plaintiff has provided no additional information, evidence or law which warrant relief from this court's earlier ruling. Plaintiff has not demonstrated a manifest error of law or of fact, or presented newly discovered evidence to support a Rule 59(e) motion.

Accordingly, the Rule 59(e) motion is **DENIED.**

---

[10]*See* Petition, ¶¶ III and IV.

New Orleans, Louisiana, this __22nd__ day of October, 2008.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**